# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
  Plaintiff,

  v.            Case No. 07-CR-83

ANTHONY HUDSON
  Defendant.

## SENTENCING MEMORANDUM

Defendant Anthony Hudson pleaded guilty to possession of marijuana within intent to deliver as a repeat drug offender, 21 U.S.C. §§ 841(a)(1) & (b)(1)(D) and 851, and possessing a firearm as a felon, 18 U.S.C. § 922(g). The probation office prepared a pre-sentence report ("PSR"), which set defendant's offense level at 8 on the drug charge, U.S.S.G. § 2D1.1(c)(16), and 24 on the gun charge, U.S.S.G. § 2K2.1(a)(2).[1] Application of the multi-count adjustment under § 3D1.4 produced a combined level of 24. The PSR further determined that defendant qualified as a career offender under U.S.S.G. § 4B1.1, which under the circumstances also produced an offense level of 24, see § 4B1.1(b)(E). Subtracting 3 levels for acceptance of responsibility, § 3E1.1, the PSR calculated a final offense level of 21, which, coupled with his criminal history category of VI, produced a guideline range of 77-96 months. Neither side objected to the PSR's calculations, which I adopted.

Defendant requested a below guideline sentence of 42 months, to run concurrent with a state sentence after revocation he was then serving. The government advocated a term

---

[1] The parties agreed that the gun was not connected to defendant's drug trafficking, so the PSR recommended no enhancements under § 2D1.1(b)(1) or § 2K2.1(b)(6).

within the range, also to run concurrent with the state sentence. Under all of the circumstances, I elected to impose a sentence of 63 months, to run concurrently. Written reasons for the sentence follow. See 18 U.S.C. § 3553(c).

## I. SENTENCING PROCEDURE

In imposing sentence, the district court must first calculate the advisory guideline range, then select an appropriate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007). The § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that

2

is sufficient but not greater than necessary to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. In making this determination, the district court may not presume that the guideline sentence is the correct one or elevate the guidelines above the other factors in the statute. See, e.g., United States v. Schmitt, 495 F.3d 860, 864-65 (7th Cir. 2007). Rather, it is the statute's parsimony provision that serves as the guidepost. United States v. Santoya, 493 F. Supp. 2d 1075, 1077 (E.D. Wis. 2007).

## II. DISCUSSION

### A. Nature of Offense

A confidential informant arranged a marijuana transaction with defendant, and officers arrested him on his way to the deal, seizing about 450 grams of marijuana from his van. Defendant admitted that he had more marijuana and a gun in his house and consented to a search, pursuant to which the officers recovered those items, including another roughly 100 grams of marijuana. The parties agreed that the gun, a .357 revolver, was not connected to defendant's drug trafficking; instead, it appeared that his cousin had dropped it off a few days earlier and asked defendant to hold it for him. The gun was unloaded, wrapped in a washcloth and found inside a bag in the oven.

### B. Character of Defendant

Defendant was twenty-nine years old and had a serious record, which qualified him as a career offender under the guidelines. He was convicted of marijuana delivery in 1999, forgery in 1999, felon in possession of a firearm in 1999, disorderly conduct in 2000, and fleeing and recklessly endangering safety in 2002. The 2002 case involved defendant leading

3

police on a high speed chase through city streets with his then seven year old son in the car. At one point defendant appeared to stop, then backed his car into a police squad, almost hitting an officer, before taking off again. The chase ended when defendant jumped from his moving car, which smashed into a stone bench. When the police came to defendant's residence to arrest him, he resisted, causing an officer to fall down the stairs. He later admitted that he fled because he had recently bought 97 grams of marijuana. He served a few years in prison on that case, and his extended supervision was revoked based on the instant offenses.

Defendant's early childhood was not very good. His father wasn't around and his mother abused drugs and abused defendant, causing him to be placed in foster care. Things appeared to get a little better when he returned to the home at age ten, and his mother married a man who tried to be a step-father to defendant. Defendant's mother and sister told the PSR writer that defendant had been hit by a bus when he was a child, which they suspected caused head injuries, but I received no medical verification of that.

Defendant dropped out of high school but later made efforts to obtain a GED in prison, in addition to completing some vocational training. Defendant had four children with three women and owed a lot of back child support, and had a very limited work history. His current girlfriend made positive statements about him, as did his mother. Several family members appeared in court at sentencing to support defendant.

## C. Purposes of Sentencing

The instant offenses were not terribly serious, as defendant possessed only a modest amount of marijuana and was only holding the gun. Further, the officers learned of the gun based only on defendant's admission and consent to search his home. Therefore, I did not believe that a lengthy prison term was needed to provide just punishment for the instant

4

offenses. See 18 U.S.C. § 3553(a)(2)(A). However, I did believe that a significant sentence was needed to protect the public and deter defendant from re-offending, given his record. Lesser terms had not deterred defendant from continuing to involve himself with drugs and guns. See 18 U.S.C. § 3553(a)(2)(B) & (C). I found that defendant would likely benefit from substance abuse treatment, but I saw no other correctional needs. I recommended a mental health evaluation to address the concerns raised by defendant's mother and sister about possible brain damage. See 18 U.S.C. § 3553(a)(2)(D).

**D.  Consideration of Guidelines and Imposition of Sentence**

The guidelines called for a term of 77-96 months. Considering all of the purposes of sentencing under § 3553(a)(2), I found a sentence slightly below that range sufficient but not greater than necessary. First, as indicated, the instant offenses were mitigated in the sense that defendant possessed a modest amount of marijuana, enough to produce a base level of only 8, and the gun he possessed was not connected to his drug dealing and was not even his. Second, in order to effectuate the parties' joint request for a concurrent sentence, I found it appropriate to consider that defendant had already served about 9 months on the state sentence, which the Bureau of Prisons would not credit on the instant sentence. See 18 U.S.C. § 3585(b).

Balancing these factors against the need to protect the public and deter defendant from re-offending, I found a sentence of 63 months sufficient but not greater than necessary. This sentence varied from the guidelines by only 2 levels and was based on the particular facts of the case, so it did not create unwarranted disparity. See 8 U.S.C. § 3553(a)(6).

5

### III.  CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 63 months on both counts to run concurrently.  Consistent with the joint recommendation, and for the reasons stated, I ran the instant sentences concurrently with defendant's state sentence, which was determinate and set to discharge in June 2010.  Although the guidelines recommended a consecutive sentence, see U.S.S.G. § 5G1.3 cmt. n.3(C), I agreed with the parties that a concurrent sentence provided for a substantial incremental punishment, one sufficient to satisfy the purposes of sentencing.  I recommended that defendant be placed at an institution as close to his family as possible, participate in any substance abuse treatment programs available, and receive a mental health evaluation and any necessary mental health treatment.  Upon release, I ordered him to serve a four year term of supervised release, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

6