**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.               **Case No. 07-CR-83**

**ANTHONY HUDSON**
   **Defendant.**

### ORDER

On October 26, 2007, I sentenced defendant Anthony Hudson to 63 months in prison, to run concurrently with a state sentence. Defendant now requests that I order 220 days of sentence credit for time following his arrest and revocation sentence in state court but before sentencing in this case, which he spent in state custody with a federal detainer.

The Bureau of Prisons ("BOP"), not the sentencing court, determines sentence credit. See United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Koller, 956 F.2d 1408, 1417 (7th Cir. 1992); see also United States v. McNeil, 573 F.3d 479, 484 (7th Cir. 2009) (stating that "the district court lacks the authority to order the Bureau of Prisons to give credit for time served before the federal sentence is imposed"). A defendant dissatisfied with the BOP's credit determination may after exhausting administrative remedies challenge it under 28 U.S.C. § 2241, but such actions are brought against the defendant's prison custodian in the district of confinement, not in the sentencing court. See, e.g., Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997); United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995); Koller, 956 F.2d at 1417; see also United States v. Prevatte, 300 F.3d 792, 799 n.2 (7th Cir. 2002) (citing

Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001)).[1]

**THEREFORE, IT IS ORDERED** that defendant's request is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] The credit statute, 18 U.S.C. § 3585(b), provides that no period of incarceration can be credited against a federal sentence if it already has "been credited against another sentence." See McGee, 60 F.3d at 1272 (noting that the BOP cannot award credit for time credited to a state sentence, even when a federal detainer is in place). However, as I indicated in a letter I previously sent to defendant (R. 27), in the present case I adjusted the federal sentence to account for the fact that the BOP would not credit this time (See R. 20 at 5).